**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES DOUGLAS NOTBOHM, JR.,

    Defendant - Appellant.

No. 15-2142
(D.C. No. 2:14-CR-01760-RB-1)
(D. New Mexico)

_____

**ORDER AND JUDGMENT***
_____

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

At a change-of-plea hearing on October 7, 2014, Charles Douglas Notbohm Jr. pled guilty to an information which included two charges: "Count One, conspiring with others to possess methamphetamine with the intent to distribute it; and . . . Count Two, being in possession of methamphetamine with the intent to distribute it." During the hearing, the government asserted that on February 21, 2014, Mr. Notbohm was driving with his co-conspirator, Richard Reeves, from Tucson, Arizona, to Las

_____

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Cruces, New Mexico, with the intent to sell methamphetamine that Mr. Reeves had obtained in Tucson. On their way to Las Cruces, the men were stopped by police who found over 116 grams of "pure" methamphetamine in the car. Mr. Notbohm agreed to this statement of the facts.

Mr. Notbohm's presentence report (PSR) calculated a base offense level of 30, adjusted to 24 for acceptance of responsibility, and placed Mr. Notbohm in criminal-history category III. These calculations resulted in a Guideline sentencing range of 87 to 108 months.

Mr. Notbohm filed a sentencing memorandum arguing that the PSR's criminal-history calculation included a non-scorable offense and that, without this offense, he should have been placed in category I for criminal history. With the exception of the criminal-history calculation, Mr. Notbohm conceded the Guideline range provided in the PSR was "technically correct," but he asserted the calculated range was nonetheless "substantially greater than necessary to accomplish the aims of federal sentencing." First, Mr. Notbohm argued he played a minor role in the offense. In addition, Mr. Notbohm argued the Guidelines are "intrinsically flawed" as applied to drug offenses. Particularly for methamphetamine, the Guidelines impose greater sentences based on purity analysis, which, according to Mr. Notbohm, "is meaningless in the world of today's methamphetamine" and "result[s] in arbitrary and unfair sentences." Mr. Notbohm therefore asked the district court to grant a downward variance from the calculated Guideline range and impose a sentence of 30 to 37 months.

At sentencing, the district court explained that it found some of Mr. Notbohm's arguments "provocative" and "interesting," but it was not "in a position to say, on that basis, that the Guidelines are lacking in empirical support." The district court also found against Mr. Notbohm on the objection related to his role in the charged offenses. With respect to the criminal-history calculation, the parties agreed it was no longer an issue. Accordingly, the district court denied a downward variance, but it sentenced Mr. Notbohm to eighty-seven months in prison, the very bottom of the Guideline sentencing range. Mr. Notbohm filed a timely appeal.

Mr. Notbohm's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the Supreme Court held that defense counsel may seek permission to withdraw from an appeal if, "after a conscientious examination" of the case, counsel finds the appeal to be "wholly frivolous." *Id.* at 744. Any request to withdraw, however, must be accompanied by a "brief referring to anything in the record that might arguably support the appeal." *Id.* And counsel must also furnish a copy of the *Anders* brief to the client, so that the client can "raise any points that he chooses." *Id.* If the court, after a "full examination of all the proceedings," concludes that the appeal is, in fact, wholly frivolous, it may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

Counsel for Mr. Notbohm has complied with these procedures. Counsel filed an *Anders* brief explaining that "after an extensive and conscientious review of the record on appeal in this matter," he found the appeal to be without merit. Accordingly, he requested permission to withdraw. And although Mr. Notbohm has

3

been afforded an opportunity to raise any points he considers non-frivolous, he has not done so.

After conducting our own review of the record, we agree that Mr. Notbohm has no meritorious grounds for appeal. The district court did not commit procedural or substantive error when it sentenced Mr. Notbohm.

We therefore grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

4